IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00651-ZLW

GEORGE E. FLORENCE,

   Plaintiff,

v.

GILBERT LYDE,
T. VELASQUEZ,
A. BERRRIOS,
M. CUNDOFF,
H. A. RIOS, JR.,
G. L. HERSHBERGER,
HARRELL WATTS,
A. JOHNSON,
D. THARP,
GOMEZ (First Name Unknown)
H. MARSHALL, and
SORINTE (First Name Unknown),

   Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff George E. Florence filed *pro se* on July 22, 2005, a motion titled "Plaintiff's Motion to Alter or Amend This Court's Judgment Dated July 11, 2005 With Respect to Issues Ruled Moot and Order That Process Shall Not Issue or in the Alternative Notice of Appeal." The Court must construe the motion liberally because Mr. Florence is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). **See id.** Therefore, the Court will consider the motion for reconsideration in this action pursuant to Rule 59(e).

The Court dismissed the instant action without prejudice because Mr. Florence failed within the time allowed to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and failed to show that he had exhausted his claims through the Bureau of Prisons' (BOP) grievance system before seeking federal court intervention. Mr. Florence's arguments concerning payment of the filing fee have nothing to do with the basis for the dismissal of this action, which is explained in detail in the July 19, 2005, dismissal order.

Upon consideration of the entire file, the Court finds that Mr. Florence fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion for reconsideration will be denied. Mr. Florence is reminded that the instant action was dismissed without prejudice and that, if he chooses, he may raise his claims in a new action that complies with the pleading requirements of Fed. R. Civ. P. 8 and that demonstrates exhaustion of BOP administrative remedies. Accordingly, it is

ORDERED that the motion titled "Plaintiff's Motion to Alter or Amend This Court's Judgment Dated July 11, 2005 With Respect to Issues Ruled Moot and Order That Process Shall Not Issue or in the Alternative Notice of Appeal," submitted by Plaintiff

George E. Florence and filed by the Court on July 22, 2005, and which the Court has construed liberally as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 27 day of July, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00651-ZLW

George E. Florence
Reg. No. 98316-131
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/28/05

GREGORY C. LANGHAM, CLERK

By: *[signature]*
Deputy Clerk